IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**NNN 400 CAPITOL CENTER 16, LLC, *et al.*,**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12728 (KG)<br><br>(Jointly Administered)<br><br>Related D.I. Nos.: 18 & 88 |

### FINAL ORDER: (i) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (ii) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (iii) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

(Final Utilities Order)

Upon consideration of the *Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code: (i) Prohibiting Utility Companies from Altering, Refusing or Disconnecting Service; (ii) Deeming Utility Companies Adequately Assured of Future Performance; and (iii) Establishing Procedures for Determining Adequate Assurance of Payment* (the "Motion"), filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); and interim relief having been entered on the Motion by order of this Court dated

---

[1] The debtors in these cases are: NNN 400 Capitol Center 2, LLC, Case No. 16-12741 (KG); NNN 400 Capitol Center 3, LLC, Case No. 16-12750 (KG); NNN 400 Capitol Center 4, LLC, Case No. 16-12752 (KG); NNN 400 Capitol Center 5, LLC, Case No. 16-12753 (KG); NNN 400 Capitol Center 6, LLC, Case No. 16-12754 (KG); NNN 400 Capitol Center 9, LLC, Case No. 16-12755 (KG); NNN 400 Capitol Center 10, LLC, Case No. 16-12730 (KG); NNN 400 Capitol Center 11, LLC, Case No. 16-12731 (KG); NNN 400 Capitol Center 12, LLC, Case No. 16-12732 (KG); NNN 400 Capitol Center 13, LLC, Case No. 16-12733 (KG); NNN 400 Capitol Center 14, LLC, Case No. 16-12735 (KG); NNN 400 Capitol Center 15, LLC, Case No. 16-12736 (KG); NNN 400 Capitol Center 16, LLC, Case No. 16-12728 (KG); NNN 400 Capitol Center 17, LLC, Case No. 16-12737 (KG); NNN 400 Capitol Center 18, LLC, Case No. 16-12738 (KG); NNN 400 Capitol Center 19, LLC, Case No. 16-12739 (KG); NNN 400 Capitol Center 20, LLC, Case No. 16-12742 (KG); NNN 400 Capitol Center 21, LLC, Case No. 16-12743 (KG); NNN 400 Capitol Center 22, LLC, Case No. 16-12744 (KG); NNN 400 Capitol Center 24, LLC, Case No. 16-12746 (KG); NNN 400 Capitol Center 26, LLC, Case No. 16-12747 (KG); NNN 400 Capitol Center 27, LLC, Case No. 16-12748 (KG); NNN 400 Capitol Center 28, LLC, Case No. 16-12749 (KG); and NNN 400 Capitol Center 32, LLC, Case No. 16-12751 (KG).

December 22, 2016 [D.I. 44] (the "Interim Order"); and the Debtors having provided the Proposed Adequate Assurance[2] to the Utility Companies; and it appearing that under the circumstances, due and sufficient notice of the Motion was provided by the Debtors; and it appearing that the relief requested in the Motion is in the best interests of the respective estates and creditors of the Debtors; and after any hearing held with respect to the Motion; and after due deliberation and sufficient cause appearing therefor, it is by the United States Bankruptcy Court for the District of Delaware, hereby **ORDERED THAT**:

1. The Motion is **GRANTED**, on a final basis as set forth herein.

2. Absent any further order of this Court, and except as set forth otherwise herein, all utility companies listed on Exhibit A to the Motion (the "Utility Companies," and each a "Utility Company") are: (i) prohibited from discontinuing, altering or refusing services to the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges; (ii) prohibited from discriminating against the Debtors, or requiring payment of a security deposit other than the Adequate Assurance Deposit (defined below), or receipt of any other security from the Debtors for continued service, as a result of the Debtors' commencement of these chapter 11 cases or any outstanding prepetition invoices; and (iii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

3. Unless and until a Utility Company submits an Additional Payment Request, as defined below, the Debtors are deemed to have furnished each of the Utility Companies with adequate assurance of payment in compliance with section 366 of the Bankruptcy Code for post-petition services by virtue of the Proposed Adequate Assurance, including: (i) the Adequate Assurance Deposits; and (ii) the Debtors' ability to pay for future services in the ordinary course

---

[2] Capitalized terms undefined herein shall have the meanings ascribed to them in the Motion.

of business. No pre-petition security deposit shall be considered when calculating the amount of the Adequate Assurance Deposit to any Utility Company.

4. Pursuant to the Interim Order, the Debtors shall have provided a deposit to each Utility Company equal to 50% of the Debtors' average monthly utility consumption cost over a twelve (12) month period for each of the Utility Companies listed on Exhibit A hereto for the purposes of providing such Utility Company with adequate interim assurance of its post-petition services to the Debtors (the "Adequate Assurance Deposit"). The amount of such Adequate Assurance Deposit to have been paid to each Utility Company is set forth in Schedule "A" attached hereto.

5. The Adequate Assurance Procedures for determining requests for additional assurance of payment as described in the Motion are approved on a final basis as follows:

   a. In the event that any Utility Company inadvertently has been omitted from Exhibit A to the Motion, the Debtor, upon discovery of such omission, will file with the Court an amended Exhibit A (the "Amended Exhibit") adding the name of each inadvertently omitted and subsequently discovered Utility Company (the "Added Utility Companies"), and shall promptly serve on each Added Utility Company the Motion, the Amended Exhibit and the Interim Order or, if it has been entered, this Order (each such service, a "Supplemental Service");

   b. Any Utility Company may submit a request for additional assurance of payment (an "Additional Payment Request") by submitting the request to counsel for the Debtors, Whiteford Taylor & Preston, LLC, The Renaissance Centre, 405 North King Street, Suite 500, Wilmington, Delaware 19801, Attention: Thomas J. Francella, Jr., Esq.;

   c. Any Additional Payment Request must be in writing and: (i) set forth the location for which Utility Services are provided; (ii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iii) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein would not constitute satisfactory adequate assurance of payment; and (iv) include a proposal for what treatment would constitute adequate assurance of payment from the Debtors along with an explanation of why such proposal is reasonable;

d.  If a Utility Company makes an Additional Payment Request that the Debtors believe is reasonable, the Debtors are authorized to comply, in their sole discretion, with such request without further order of the Court;

e.  If the Debtors believe that a Utility Company's Additional Payment Request is unreasonable, the Debtors shall, within 30 days after the submission of the Additional Payment Request, file a motion pursuant to section 366(c)(3) of the Bankruptcy Code, seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment (the "Determination Hearing") to determine whether additional assurance of payment to such Utility Company was necessary;

f.  Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtors or discriminating against the Debtors or property in which the Debtors have an interest on account of the commencement of these chapter 11 cases or any unpaid prepetition charges; and

g.  Based on the establishment of the Proposed Adequate Assurance, a Utility Company would be deemed to have adequate assurance of payment unless and until a future order of the Court were entered requiring further assurance of payment.

6.  The Debtors are authorized, in their sole discretion, to amend the list of Utility Companies attached as Exhibit A to the Motion, as set forth herein. If the Debtors supplement the list subsequent to the filing of the Motion, the Debtors will serve a copy of the Motion and this Order on any Utility Company that is added to the list by such Supplemental Service. In addition, the Debtors will provide an Adequate Assurance Deposit in the amount equal to 50% of the Debtors' average monthly utility consumption cost over a twelve (12) month period for the added Utility Company. Any subsequently added Utility Company set forth on a supplement to Exhibit A attached to the Motion will fall within the scope of this Order from the date of the filing of the supplement to Exhibit A. Such added Utility Provider may make an Additional Payment Request. If such Additional Payment Request is made, the Debtors and the Utility Company making the Additional Payment Request shall be bound by the Adequate Assurance Procedures set forth in paragraph 5 above, as applicable.

4

7. The Debtors may terminate the service of any Utility Company by filing with the Court and serving the Utility Company a written notice (a "Termination Notice"). If the Utility Company does not object, in writing, to the Termination Notice within fourteen (14) days after the filing thereof, the Debtors are authorized to remove such Utility Company from the list of Utility Companies attached as Exhibit A to the Motion. In the event that a Utility Company does object, in writing, to the Termination Notice, the Debtors shall request that the Court decide the matter at the next scheduled omnibus hearing date. Upon receipt of a Termination Notice by a Utility Company, the Debtors shall be permitted to immediately reduce the Adequate Assurance Deposit for such Utility Company; provided, however, that the funds may not be reduced until such time as the Debtors settle with the applicable Utility Company on account of post-petition services, or any dispute regarding the same is resolved by the Court.

8. Nothing herein or on Exhibit A to the Motion constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code.

9. Nothing herein shall be deemed or construed to amend, modify or change any of the terms or provisions contained in any tenants-in-common agreement entered into by and among some or all of the tenant-in-common owners of the Property.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding the relief granted herein and any action taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement,

contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

12. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: January 18, 2017
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE