## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 16-12728 (JTD) |
| NNN 400 CAPITOL CENTER 16, LLC, *et al.*, | (Jointly Administered) |
| Debtors. | |
| | **Related to D.I. 446** |
| NNN 400 CAPITOL CENTER, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. No. 18-50384-JTD |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF COMM 2006-C8 COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES; *et al.*, | **Related to Adv. D.I. 564** |
| Defendants. | |

## LENDER DEFENDANTS' MOTION *IN LIMINE* TO BAR RUBIN & RUBIN FROM CALLING THOMAS FRANCELLA AS A WITNESS

Lender Defendants respectfully move this Court for the entry of an order *in limine* barring Rubin & Rubin, P.A. ("Rubin & Rubin") from calling Mr. Thomas Francella ("Mr. Francella") as a witness at the July 29 and 30, 2020 evidentiary hearing ("Hearing") in connection with the *Motion of the United States Trustee to Revoke or Terminate Retention of Rubin and Rubin, P.A. and Disallow Fees and Expenses of Rubin and Rubin, P.A. and Seth Denison* (Adv. D.I. 564; Bankr. D.I. 446) (the "Motion") and the Joinders of Lender Defendants

(Adv. D.I. 620; Bankr. D.I. 460) and Somera Road Inc. (Adv. D.I. 622; Bankr. D.I. 462) to the Motion (together, the "Joinders"). In support thereof, Lender Defendants state as follows:

1.      On July 15, 2020, Rubin & Rubin disclosed Mr. Francella, one of the Debtors' attorneys, as a witness who Rubin & Rubin may call to testify at the Hearing.

2.      On July 17, 2020, the Court ordered Rubin & Rubin to disclose the anticipated substance of its witnesses' testimony by July 20, 2020 at 12:00 p.m. Eastern. The purpose of that disclosure was to give the other parties (*i.e.*, the U.S. Trustee, Lender Defendants, and Somera) sufficient time to determine whether they had to depose Rubin & Rubin's witnesses in advance of the Hearing.

3.      Rubin & Rubin provided summaries on July 20, 2020 which, while generic and therefore deficient, nonetheless confirmed the need to depose Rubin & Rubin's witnesses in advance of the hearing. For example, Rubin & Rubin disclosed that Mr. Francella has "personal knowledge of exculpatory facts," but Rubin & Rubin did not identify those "exculpatory facts" or even the general topics to which they relate.

4.      Lender Defendants therefore contacted Rubin & Rubin's counsel on July 20, 2020 to discuss deposition scheduling, provided Lender Defendants' availability for depositions on July 22, 23, and 24, 2020, and asked Rubin & Rubin to provide confirmed deposition dates and times by 2:00 p.m. Eastern on July 21, 2020.

5.      Rubin & Rubin did not confirm any deposition by July 21, 2020 at 2:00 p.m. Eastern, and Lender Defendants therefore contacted the Court to request a teleconference to discuss the deposition issues. The U.S. Trustee joined in Lender Defendants' request for a teleconference.

6.      On July 21, 2020, in response to Lender Defendants' and the U.S. Trustee's

2

teleconference request, the Court ruled that it will "consider motions in limine at the hearing on July 29th to prevent the testimony of any witness for whom a reasonable request for a short (two hour) telephone deposition was denied prior to the hearing."

7.     Lender Defendants again asked Rubin & Rubin's counsel that same day (*i.e.*, July 21, 2020) to produce Mr. Francella for a two-hour remote deposition on July 23, 2020.

8.     On July 22, 2020, Rubin & Rubin's counsel informed the other parties' counsel and the Court that Mr. Francella "is represented by Mr. John McDonald [("Mr. McDonald")] of Cozen O'Connor.  We have forwarded Ms. Murarova's request for a deposition of Mr. Francella to Mr. McDonald and he told us that he will reach out to her directly."

9.     On July 22, 2020, Lender Defendants asked Mr. McDonald to confirm Mr. Francella's deposition for July 23, 2020, which Lender Defendants had previously requested from Rubin & Rubin's counsel.

10.     In the evening of July 22, 2020, Mr. McDonald responded to Lender Defendants' email.  Mr. McDonald did not provide any confirmed deposition date or time for Mr. Francella, but instead stated that "firm policy requires me to confer with the firm's General Counsel.  Once that process has been completed, I will be sure to circle back to you."

11.     Mr. McDonald repeated essentially the same comments in a follow up email on the afternoon of July 23, 2020, but promised that he would "get back to [Lender Defendants] as soon as [he] complete[s] that process" with Cozen O'Connor's General Counsel.

12.     Mr. McDonald took that position in his July 23, 2020 afternoon email to Lender Defendants' counsel notwithstanding that earlier in the morning on the same day, at approximately 11:00 a.m., Mr. McDonald accepted service of a trial subpoena served on Mr. Francella by Somera's counsel and confirmed to Somera's counsel that "Tom intends to be

3

DM3\6958388.1

there on Wed."  Thus, it appears that as of the morning on July 23, 2020 (*i.e.*, before

Mr. McDonald sent his July 23, 2020 email to Lender Defendants concerning an allegedly

ongoing internal process for Mr. Francella's appearance at a *deposition*), Mr. McDonald had

apparently already obtained approval for Mr. Francella's appearance at a *public hearing.*

13.     Mr. McDonald finally responded to Lender Defendants' counsel today at

approximately 3:30 p.m. Central/4:30 p.m. Eastern.  Mr. McDonald told Lender Defendants'

counsel at that late date and time that "we have decided not to produce Mr. Francella for a

deposition" and that "it is just more efficient to let Judge Dorsey call the balls and strikes on

privilege issues during the hearing itself as he has promised to do."

14.     Lender Defendants' correspondence with Mr. Simon and Mr. McDonald is

attached hereto as **Exhibits B**, **C**, and **D**.

15.     The Court should therefore preclude Rubin & Rubin from calling Mr. Francella at

the Hearing given Rubin & Rubin's failure to produce Mr. Francella for a deposition in response

to Lender Defendants' reasonable request for that deposition.

WHEREFORE, for the foregoing reasons, Lender Defendants respectfully request that

the Court enter an order *in limine*, in substantially the form attached hereto as **Exhibit A**, barring

Rubin & Rubin from calling Mr. Francella as a witness at the Hearing.

Dated: July 28, 2020
        Wilmington, Delaware

Respectfully submitted,

*/s/ Sommer L. Ross*
Sommer L. Ross, Esquire (DE 4598)
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
slross@duanemorris.com

4

-and-

Meagen Leary, Esquire (*Pro Hac Vice*)
Duane Morris LLP
Spear Tower One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Phone: (415) 957-3230
Facsimile: (415) 520-0291
mleary@duanemorris.com

-and-

Paul E. Chronis, Esquire (*Pro Hac Vice*)
Elinor M. Murarova, Esquire (*Pro Hac Vice*)
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: (312) 499-6765
Facsimile: (312) 577-0728
pechronis@duanemorris.com
ehart@duanemorris.com

*Counsel to Counsel to Wells Fargo Bank,
N.A., as Trustee for the Registered Holders of
COMM 2006-C8 Commercial Mortgage
Pass-Through Certificates, LNR Partners,
LLC, Berkadia Commercial Mortgage, LLC,
Little Rock-400 West Capitol Trust, and
Taconic Capital Advisors, LP*

DM3\6958388.1