IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NNN 400 CAPITOL CENTER 16, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-12728 (JTD)<br><br>(Jointly Administered)<br><br>**RE: D.I. No. 660 and 675** |

**ORDER (I) CONVERTING THE DEBTORS CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, AND (II) ESTABLISHING A DEADLINE FOR <u>FILING FINAL CHAPTER 11 FEE APPLICATIONS</u>**

Upon the motion (the "<u>Motion</u>")[2] of Little Rock-400 West Capitol Trust for entry of an order pursuant to section 1112(a) of the Bankruptcy Code To Convert Chapter 11 Cases Or, In The Alternative, For Relief From The Automatic Stay [Docket No. 675]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the

---

[1] The Debtors in these cases are: NNN 400 Capitol Center, LLC, Case No. 17-11250 (JTD); NNN 400 Capitol Center 1, LLC, Case No. 17-11251 (JTD); NNN 400 Capitol Center 2, LLC, Case No. 16-12741 (JTD); NNN 400 Capitol Center 3, LLC, Case No. 16-12750 (JTD); NNN 400 Capitol Center 4, LLC, Case No. 16-12752 (JTD); NNN 400 Capitol Center 5, LLC, Case No. 16-12753 (JTD); NNN 400 Capitol Center 6, LLC, Case No. 16-12754 (JTD); NNN 400 Capitol Center 7, LLC, Case No. 17-11253 (JTD); NNN 400 Capitol Center 8, LLC, Case No. 17-11254 (JTD); NNN 400 Capitol Center 9, LLC, Case No. 16-12755 (JTD); NNN 400 Capitol Center 10, LLC, Case No. 16-12730 (JTD); NNN 400 Capitol Center 11, LLC, Case No. 16-12731 (JTD); NNN 400 Capitol Center 12, LLC, Case No. 16-12732 (JTD); NNN 400 Capitol Center 13, LLC, Case No. 16-12733 (JTD); NNN 400 Capitol Center 14, LLC, Case No. 16-12735 (JTD); NNN 400 Capitol Center 15, LLC, Case No. 16-12736 (JTD); NNN 400 Capitol Center 16, LLC, Case No. 16-12728 (JTD); NNN 400 Capitol Center 17, LLC, Case No. 16-12737 (JTD); NNN 400 Capitol Center 18, LLC, Case No. 16-12738 (JTD); NNN 400 Capitol Center 19, LLC, Case No. 16-12739 (JTD); NNN 400 Capitol Center 20, LLC, Case No. 16-12742 (JTD); NNN 400 Capitol Center 21, LLC, Case No. 16-12743 (JTD); NNN 400 Capitol Center 22, LLC, Case No. 16-12744 (JTD); NNN 400 Capitol Center 24, LLC, Case No. 16-12746 (JTD); NNN 400 Capitol Center 25, LLC, Case No. 17-11258 (JTD); NNN 400 Capitol Center 26, LLC, Case No. 16-12747 (JTD); NNN 400 Capitol Center 27, LLC, Case No. 16-12748 (JTD); NNN 400 Capitol Center 28, LLC, Case No. 16-12749 (JTD); NNN 400 Capitol Center 30, LLC, Case No. 17-11255 (JTD); NNN 400 Capitol Center 32, LLC, Case No. 16-12751 (JTD); NNN 400 Capitol Center 35, LLC, Case No. 17-11256 (JTD); and NNN 400 Capitol Center 36, LLC, Case No. 17-11257 (JTD).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; and this Court having been advised by Debtors' counsel that all of the Debtors' authorized representatives consent to the conversion of these chapter 11 cases to chapter 7 cases and having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief provided in this Order and is in the best interests of the Debtors' respective estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted solely to the extent as set forth herein.

2. The chapter 11 cases of each of the above-captioned Debtors shall be converted to cases proceeding under Chapter 7 of the Bankruptcy Code[3] immediately upon entry of this Order.

3. The United States Trustee's Office shall appoint a Chapter 7 Trustee to administer the estates of each of the above-captioned Debtors (the "<u>Estates</u>") immediately upon entry of this Order.

4. Each of the above-captioned Debtors and any and all of their professionals and/or agents shall:

    a. forthwith turn over to the Chapter 7 trustee all records and property of the Estates under their custody and control as required by Bankruptcy Rule 1019(4);

    b. within fifteen (15) days of the date of this Order, file schedules of unpaid debts incurred after commencement of these cases including

---

[3] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

                the name and address of each creditor, as required by Bankruptcy Rule 1019(5);

        c.        within fifteen (15) days of the date of this Order, file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b), if such documents have not already been filed; and

        d.        within fifteen (15) days from the date of this Order, file and transmit to the United States Trustee final reports and accounts as required by Bankruptcy Rule 1019(5)(A).

5. The Debtors' professionals in these chapter 11 cases shall file final statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous applications) within thirty (30) days from the date of this Order.

6. Upon entry of this Order, the *Debtors' Motion for Entry of an Order (i) Authorizing the Debtors to (A) Employ and Retain Force Ten Partners, LLC to Provide the Debtors with a Chief Restructuring Officer; (B) and Designate Jeremy Rosenthal as Chief Restructuring Officer; and (II) Granting Related Relief* [Docket No. 660] is moot.

7. Nothing in this Order or the conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or documents related thereto) entered during these chapter 11 cases, and all rights and remedies in connection with such orders shall be preserved in their entirety.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: March 18th, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE